UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ALI SHAMAN EL BEY,

                Plaintiff,

    -against-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY-TRANSPORTATION
SECURITY ADMINISTRATION; BILL HILTON,
*Security Supervisor*, AND UNNAMED SECURITY
SUPERVISOR(S),

                Defendants.

------------------------------------------------------------x

MEMORANDUM & ORDER

15-CV-3188 (ENV)(VMS)

VITALIANO, D.J.

On May 28, 2015, *pro se* plaintiff Ali Shaman El Bey ("El Bey"), "an indigenous Taino Native, of Moorish ancestry," filed this civil rights complaint seeking damages for the allegedly "arbitrary, capricious, and unprofessional" enforcement of security screening procedures by the Transportation Security Administration ("TSA"), Security Supervisor Bill Hilton, and several unidentified TSA employees at John F. Kennedy airport ("JFK"). El Bey has also filed an application to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. His application, however, is deficient. For the following reasons, plaintiff's application for IFP status is denied, and plaintiff's damages claims against TSA and its employees, in their official capacities, are, in any event, dismissed. Plaintiff, though, may proceed in prosecuting this action against the individual defendants in their individual capacities if he files a qualifying IFP application, or pays the $400 filing fee, within 30 days of the entry of this Order on the docket.

1

## Background

According to the complaint, El Bey was born in New York, but he now lives in Puerto Rico. (Compl., ECF No. 1, at ¶ 7). He pleads that, since 2000, he had been able to travel between Puerto Rico and New York without incident. Then, in 2010, it took him ten months to procure identification acceptable to TSA screening agents at JFK. (*Id.* at ¶¶ 1, 7). Specifically, on three discrete occasions, plaintiff claims, his "Native Tribal photo identification" and other ordinary forms of valid proof were rejected by TSA agents, causing him to miss his flights. (*Id.* at ¶¶ 8-29). He claims that as a result of TSA and its employees' failure to obey the law, his ability to take care of his personal and business affairs suffered, his property was vandalized, and he could not obtain timely care for a particular medical condition. (*Id.* at ¶¶ 30-31). El Bey now demands $10 million in compensatory damages. (*Id.* at ¶ 32).

## Discussion

### I. Sovereign Immunity

Courts must liberally construe *pro se* pleadings and must interpret them to raise the strongest arguments they suggest. *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002). Yet, under 28 U.S.C. § 1915(e)(2), a court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from damages. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Notwithstanding, a district court should not finally dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

El Bey's claims for damages against TSA and its employees, in their official capacity, are barred by the edicts of sovereign immunity. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d

502, 510 (2d Cir. 1994) (citation omitted) ("[A]n action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, [and] such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). TSA, being a federal agency, is immune from suits for damages, and Congress has not created a waiver of that immunity to allow a constitutional claim for money damages against the United States or any federal agencies. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Plaintiff, however, is not precluded from bringing his civil rights claims against TSA employees in their individual capacities. *Robinson*, 21 F.3d at 510 (holding a plaintiff may make a *Bivens* claim against a federal employee if it is brought against him in his individual capacity). Any such complaint must plausibly plead that claim, and, based on what El Bey has thus far alleged, such pleading will be a herculean task.

II. Plaintiff's IFP Application

Under 28 U.S.C. § 1915, litigants are permitted to proceed IFP in order to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dep't of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). Of course, whether a plaintiff qualifies for IFP status is a determination that falls within the sound discretion of the intake court. *DiGianni v. Pearson Educ.*, No. 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010). El Bey's IFP application, in this case, is deficient because it does not indicate whether he is indigent. Specifically, he has answered "0" or "N/A" for all of the pertinent questions, including inquiries about his wages, income sources, bank accounts, and financial obligations. It is inconceivable that he has literally no assets whatsoever, yet he can still live and travel. Furthermore, it is not El Bey's prerogative to decide what is relevant to disclose on his IFP

3

application. *See Jones v. Deutsche Bank Nat. Trust Co.*, No. 13-CV-293, 2013 WL 789860, at *4 (E.D.N.Y. Mar. 1, 2013) (holding IFP application insufficient where plaintiff filled in "zero" for every inquiry—"[t]he court finds it difficult to believe that [p]laintiff has no income, no money and no expenses, and can still survive"). To proceed with this action, El Bey is directed to either pay the proper filing fee or submit a revised application with accurate and detailed information as to his income, including government benefits, and his monthly expenses. *See id.* El Bey is also warned that failure to comply with the direction set forth in this Order can result in dismissal of his action entirely. Fed. R. Civ. P. 41(b); *Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir. 1998).

## Conclusion

For the foregoing reasons, plaintiff's application for IFP status is denied. In any event, the complaint is dismissed to the extent that plaintiff seeks damages from TSA and its employees in their official capacities. Plaintiff is, however, granted leave to cure the deficiencies in his IFP application, and thereby proceed with his claims against the individual defendants, in their individual capacities, as long as he does so within 30 days of the date this Order is entered on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

So Ordered.

Dated: Brooklyn, New York
August 15, 2015

Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge