UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------ x
ALI SHAMAN EL BEY,

               Plaintiff,

        -against-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY –
TRANSPORTATION SECURITY
ADMINISTRATION, BILL HILTON,
*Security Supervisor, in his individual
capacity under color of his official
capacity*, UNNAMED SECURITY
SUPERVISOR(S), *in their individual
capacity(ies) under the color of their
official capacity(ies)*,

             Defendants.
------------------------------------------------ x

MEMORANDUM & ORDER

15 Civ. 3188 (ENV) (VMS)

VITALIANO, D.J.

*Pro se* plaintiff Ali Shaman El Bey filed this action seeking damages against defendants for allegedly "arbitrarily and capriciously" refusing to let him travel using purportedly valid tribal identification. (Am. Compl. ¶ 8, ECF No. 6-1). His amended application for *in forma pauperis* ("IFP") status, which explains that he relies upon the generosity of family to pay for his flights, is granted pursuant to 28 U.S.C. § 1915. (Pl. Mot., ECF No. 5).

The claims in El Bey's amended complaint[1] against TSA and its employees, in their official capacity, must be dismissed for the same reason they were dismissed from his original complaint. (Order, ECF No. 4). These claims are rendered futile by the edicts of sovereign immunity. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

---

[1] El Bey filed his September 28, 2015 amended complaint with a request for time to amend again. (Pl. Mot., ECF No. 6). Although this request was granted, he never filed a second amended complaint. The action will proceed on the amended complaint.

1

El Bey may, at this stage of the litigation, bring a *Bivens* claim against the individual TSA employees in their individual capacities. *Id.*[2] He names as defendants Bill Hilton and Unnamed Security Supervisors who were "employees working under Bill Hilton during the events described herein." (Am. Compl. ¶ 4). The Court cannot order service of process on such unidentified defendants absent additional information. *See, e.g., Jefferson v. Chicara*, No. 13 Civ. 5649 (JS) (ARL), 2014 WL 320501, at *4 (E.D.N.Y. Jan. 27, 2014). Until this information is provided, the case shall proceed solely as to Hilton.

## Conclusion

For the reasons discussed above, plaintiff's application to proceed *in forma pauperis* is granted.

Plaintiff's claims against TSA and its employees, in their official capacities, are dismissed. The Clerk of Court is directed to amend the caption to reflect the dismissal of TSA and all other defendants in their official capacities.

The Clerk of Court shall issue a summons against Bill Hilton, TSA Security Supervisor at John F. Kennedy International Airport. The United States Marshals Service is directed to serve the amended complaint at ECF No. 6-1 and this order on Hilton without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the United States Attorney for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this order to plaintiff.

---

[2] *See generally Turkmen v. Hasty*, 789 F.3d 218, 234 (2d Cir. 2015) ("[T]he *Bivens* remedy is an extraordinary thing that should rarely if ever be applied in new contexts." (quoting *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009))); *Tanvir v. Lynch*, No. 13 Civ. 6951 (RA), 2015 WL 5164869, at *9 (S.D.N.Y. Sept. 3, 2015).

The case is referred to the Honorable Vera M. Scanlon, United States Magistrate Judge, for pretrial supervision and to discuss, at the initial conference, the identification of the other potential defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
March 14, 2016

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge